### R. S. VAUGHAN'S G'D'N *v.* J. L. BURKHART.
### SAME *v.* CITY OF LOUISVILLE, ET AL.

**Landlord and Tenant—Eviction.**
> Where the tenant is evicted before his rent becomes due, the landlord cannot recover for the unexpired term from the date of eviction.

**Eviction.**
> Where a tenant has a written lease on the wife's real estate executed by the husband and wife, he may legally hold the estate against the lessor and his vendee. Such tenant under such circumstances can hold the estate against one who inherits it before the expiration of the lease.

**Eviction.**

Where a tenant holding a lease during the term becomes the purchaser of the real estate his leasehold interest merges in his fee simple title and the relation of landlord and tenant ceases to exist.

**Taxes.**

The perpetual lien for taxes secured by clauses found in a city charter, means only that the lien exists so long as the right to collect taxes can be enforced, and such collection cannot be enforced after five years.

APPEAL FROM LOUISVILLE CHANCERY COURT.

October 19, 1875.

Opinion by Judge Pryor:

If the tenant is evicted before his rent becomes due, there can be no doubt but that the landlord would be denied the right to recover for the unexpired term from the date of eviction to the termination of the lease; and when the holding by both the lessee and lessor was manifest, the party entitled might assert his claim for the entire rent. This question does not arise in the present case. The appellee, Burkhart, had acquired an interest in the realty for the period of five years by reason of the lease from the ancestors of the appellants. The realty belonging to the wife, she, having united in the lease with her husband, vested the tenant with the right to hold the estate against both the husband and wife and their vendee, until the lease expired. If they had sold the land, the tenant could not have been evicted by the purchaser, and we see no reason why the appellants, who inherited this realty from the mother, is in a better condition than she would have been if she had sold the land. After the death of the mother, the appellees held under their title, and when they undertook to sell the property, and did in fact sell it, the purchaser acquired all their interests. The sale was not made subject to the lease; and if an entire stranger to the land had bought, he would have acquired a complete title. If so, the tenant, being the purchaser, the lesser estate was merged in the greater, and he became entitled to the rent. The appellee was not a party to the action brought to sell the realty, and although willing, no doubt, that a sale should be made, when he became the purchaser the property was his absolutely, and the relation of landlord and tenant no longer existed. It was, therefore, proper to deduct the amount of rent unpaid from the purchase price.

The lien of the city upon the property of the citizen was intended to secure the payment of the taxes. The law prescribed the mode of making the assessment and collecting the taxes; and the legislature never designed that the city should have a perpetual lien on the real estate or other property within its boundary for the payment of its tax claims. If five years is no bar to the recovery, there is no limitation to be found. The city ought not to be allowed to permit the purchaser of property within its limits to be disturbed in his right by the production of these state claims for taxes, for the reason that its officers have neglected their duty; but on the contrary, it should be held to that sort of vigilance as would tend to secure the citizen in his title. The perpetual lien recognized by a clause of the city charter, means only that the lien shall exist as long as the right to collect the taxes can be enforced.

There is no time fixed by the charter when the claim for taxes shall be asserted, and therefore the General Statutes, page 628, must apply to this case. "An action upon a contract not in writing, signed by the party, express or implied, an action upon a liability created by statute when no other time is fixed by the statute creating the liability, an action for a penalty, etc., shall be commenced within five years next after the cause of action accrues." It does not appear when the assessment for the taxes was made, but it must be presumed that it was at the time and manner provided by the charter. The judgment for the taxes for the year 1868 was, therefore, erroneous, as neither the appellants or the purchaser was liable for these taxes; nor could the property have been subjected to their payment. The judgment is, therefore, *reversed* to the extent only of the judgment for taxes for the year 1868. Cause remanded for further proceedings consistent with this opinion. The judgment for the rent in favor of Burkhart is *affirmed*.

*Emmet Field, for appellant. Edwards & Seymoure, for Burkhart.*